*288 JUSTICE RICE
concurring.
¶55 I concur with the Court’s resolution of all issues, but write separately on Issue 3.
¶56 A defendant’s attitude, personality, demeanor and the respect which he appears to hold for society in general and individuals in particular are factors which sentencing judges consider, and should consider, in crafting the appropriate sentence. During sentencing, a courtroom may be filled with the sights and sounds of human pain and suffering, offered by those who knew or lived with and around a defendant. What is the defendant’s reaction to this pain and suffering? I submit that a sentencing judge can and should gain insight into a defendant’s character and potential for future rehabilitation by observing the defendant’s reaction to the human suffering going on around him. Volumes are spoken about the person’s character who cannot be “remorseful” about human suffering, whatever its cause. A person who cares nothing about those around him lacks a moral compass and is a dangerous person indeed and who, for the protection of society, should be supervised or imprisoned. Such an observation-that is, whether a defendant sees and understands the devastation experienced by those around him-is an issue separate and apart from guilt or innocence.
¶57 I believe that this assessment of character necessarily includes a sentencing court’s observation of the defendant’s nonverbal reactions and behavior. What a defendant fails to do often speaks as loudly as his or her affirmative actions. A defendant’s failure to “break his silence” about the pain or devastation around him is, in my view, an appropriate factor for the sentencing court to consider and from which to draw a conclusion that the defendant has or feels no remorse for those around him. If the defendant’s conviction is upheld on appeal, then the sentence will be implemented, and thus, these factors must be considered at the moment of sentencing. There is plenty of room in the law for the judge to do this while at the same time preserving the defendant’s right against self-incrimination, to maintain his innocence and to challenge the guilty verdict on appeal. Likewise, there is room for a defendant to acknowledge the pain in those around him-if he sees it — and still maintain that he did not commit the crime. Consideration of these nonverbal factors should be added to the list of permissible sentencing considerations set forth in ¶ 49 of the Court’s opinion and, to this degree, our statement in Shreves that “a sentencing court may not draw a negative inference of lack of remorse from the defendant’s silence at sentencing” when he has maintained his innocence should be clarified. Shreves, ¶ 22.
*289 ¶58 The sentencing court properly considered some of these factors, but I must concede that the court then went beyond that by stating “not only do you not have any remorse for what occurred, you don’t even acknowledge that it is wrong. For that reason, and that reason, in and of itself, you should be subjected to prison.” While it was appropriate, for the reasons discussed herein, for the sentencing court to infer lack of remorse from Rennaker’s silence, sentencing him for failure to acknowledge that his conduct was wrong necessarily sentences him for failing to admit to the charge. Thus, the sentencing court crossed a line into the impermissible, running afoul of Cesnik’s instruction that “a sentencing court may not punish a defendant for failing to accept responsibility for the crime” Cesnik, ¶ 25 (emphasis added). For that reason, Rennaker must be resentenced.